**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**CLAUDE J. WALLACE,**
**ADC #85239**                                                                                     **PLAINTIFF**

V.                              CASE NO. 5:15-CV-00372 JM/BD

**ESSEY CLAY, et al.**                                                                          **DEFENDANTS**

**RECOMMENDED DISPOSITION**

I. **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr.  Any party may file written objections to this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  Objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

II. **Discussion:**

Plaintiff Claude Wallace, an inmate housed at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed this lawsuit pro se and is proceeding *in forma pauperis*. (Docket entries #1, #2)  In his Complaint, Mr. Wallace alleges that after he received a disciplinary, he was placed into segregation for more than seven days awaiting a hearing in violation of the ADC rule mandating a disciplinary

hearing within seven days. He claims that this conduct violated his due process rights. (#2) Specifically, Mr. Wallace received his disciplinary on March 9, 2012 at 8:02 a.m. and his hearing was held on March 20, 2012, at 10:20 a.m. (#2)  Mr. Wallace seeks monetary relief, and names the Defendants in both their official and personal capacities.

In order to prevail on a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Because Mr. Wallace does not allege that Defendants deprived him of life or property, he must rely on the denial of a liberty interest to support his due process claim. *Id*.

Under settled law, a prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995). The Eighth Circuit has held that placement in punitive isolation or administrative segregation for relatively short intervals of time, including the temporary suspension of privileges while so confined, does not constitute the type of "atypical and significant" hardship that would trigger the protection of the Due Process Clause. See *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Hemphill v. Delo*, Case No. 95–3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that four days

of lockdown, thirty days in punitive disciplinary segregation and 290 days in administrative segregation was not an "atypical and significant hardship" under *Sandin*); *Driscoll v. Youngman*, Case No. 95–4037, 1997 WL 581072 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that 135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not satisfy the *Sandin* standard); and *Furlough v. Brandon*, 2009 WL 4898418 (E.D.Ark. Dec. 15, 2009) (inmate plaintiff failed to state a due process claim after being assigned to administrative segregation for nearly nine months).

Furthermore, "only those deprivations denying 'the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991)).

Here, Mr. Wallace fails to allege that he was denied any of life's necessities while housed in segregation awaiting his hearing.  Rather, his complaint is that he was improperly held in segregation for more than seven days without a disciplinary hearing in violation of ADC policy.  (#2)  It is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations.  *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997); *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir.1996).

Because Mr. Wallace's assignment to segregation from March 9 to March 20, 2012, does not constitute an "atypical and significant" hardship, he fails to allege a due process claim upon which relief can be granted.

## III. Conclusion:

The Court recommends that Mr. Wallace's claims against the Defendants be DISMISSED, without prejudice.

DATED this 1st day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE